One Dutchess Phase 2, LLC v Roman (2026 NY Slip Op 50402(U))

[*1]

One Dutchess Phase 2, LLC v Roman

2026 NY Slip Op 50402(U)

Decided on March 11, 2026

City Court Of Poughkeepsie, Dutchess County

Mora, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 11, 2026
City Court of Poughkeepsie, Dutchess County

One Dutchess Phase 2, LLC, Petitioner,

againstVictoriano Roman and Yeralkis Gomez, 15 Fins Lane, Apt. 401E, Poughkeepsie, NY 12601, Respondents.

Index No. LT-1703-25

Trisha Starkey, Esq.Attorney for the PetitionerOne Dutchess Phase 2, LLC241 Hudson St.Hackensack, NJ 07601Allison Dentinger, Esq.Hudson Valley Justice CenterAttorney for the Respondent29 North Hamilton Street, Suite 205Poughkeepsie, NY 12601

Frank M. Mora, J.

Respondent, Yeralkis Gomez, filed a notice of motion, dated December 26, 2025, seeking to dismiss the instant summary proceeding on the grounds that Petitioner failed to serve a proper predicate Good Cause Eviction notice. Respondent's motion is supported by the affirmation of Allie Dentinger, Esq., of the Hudson Valley Justice Center, dated December 26, 2025, together with Exhibits A-C. On January 16, 2026, Petitioner filed a notice of cross-motion seeking leave to serve and file an amended petition to append and plead the Good Cause Eviction Law ("GCEL") notice nunc pro tunc and leave to amend the petition to include additional rent that has accrued since November 2025. Petitioner's cross-motion is supported by the affirmation of Trisha Starkey Esq., dated January 16, 2026, together with Exhibits A-B. On January 20, 2026, Respondent, Yeralkis Gomez, filed opposition to Petitioner's cross-motion and in further support of their motion to dismiss, supported by the affirmation of Allie Dentinger, Esq., dated January 20, 2026, together with Exhibit A. On January 28, 2026, both parties appeared before this Court through their attorneys and were given a full and fair opportunity to argue the merits of their motions and be heard. Following oral arguments, this Court directed the parties to brief the following legal issues: 1) whether the GCEL notice is part of the [*2]predicate notice or just a notice accompanying the predicate notice; 2) whether the GCEL notice can be amended if it is defective, or is a defect the equivalent of providing no notice; and 3) whether prejudice to the Respondent is a factor for the Court to consider in determining if a defective GCEL notice can be amended, if at all. In response to same, on February 20, 2026, both parties filed their summary briefing on the three (3) novel legal issues relating to the GCEL as it pertains to the above-captioned matter. Now, having duly deliberated upon Respondent, Yeralkis Gomez's, motion, Petitioner's cross-motion, Respondent's reply, the Exhibits, the legal arguments, both parties' written legal briefs, as well as all the papers and proceedings filed hereinbefore, the Court determines the matter as follows:FACTS & ARGUMENTSOn October 20, 2025, Petitioner served Respondents with a predicate notice setting forth a written demand to pay past rent due including a good cause eviction law notice, instructing them to pay rent owed or move out within fourteen (14) days. On November 13, 2025, Petitioner filed a notice of petition and petition seeking possession of the leased premises based upon non-payment of rent in the amount of $16,496.00. The matter was scheduled for a first appearance on December 3, 2025, at which time Respondent, Yeralkis Gomez, appeared and requested counsel, but Respondent Victoriano Roman did not appear, as it was alleged that he was on active duty. On December 26, 2025, Respondent, Yeralkis Gomez, filed the instant motion to dismiss pursuant to R.P.A.P.L. § 711(2), on the grounds that Petitioner failed to serve Respondents with an accurate GCEL notice, which is an unamendable defect requiring dismissal. It is undisputed by the parties that the GCEL notice served upon Respondents inaccurately informs Respondents that the City of Poughkeepsie has not adopted a good cause eviction law under R.P.L. § 213. In fact, the City of Poughkeepsie Common Council opted into and adopted the GCEL in July 2024, which law was filed with the Secretary of State on July 19, 2024. In opposition, Petitioner filed a cross-motion that seeks to amend the petition by appending a corrected GCEL notice—that states the premises are subject to GCEL—which Petitioner had served upon Respondents on January 9, 2026. Petitioner also seeks to amend the petition to add rental arrears for November 2025 through January 2026. In reply, Respondent contends that the GCEL notice constitutes a predicate notice that is not amendable once the proceeding has begun, and that the Court should reject Petitioner's cross-motion to serve a corrected GCEL notice, and dismiss the action.

LEGAL ANALYSIS AND CONCLUSION
Summary eviction proceedings are special proceedings governed by Article 7 of Real Property Actions and Proceedings Law, for they did not exist at common law. They are meant to operate on an accelerated timetable and defects which are ordinarily amendable in plenary actions may be considered "jurisdictional" in summary proceedings and may not be subject to amendment. Thus, if the petitioner fails to comply strictly with the terms of the statute, the defect cannot be amended, the court has no jurisdiction, and the petition must be dismissed. SCHERER, RESIDENTIAL LANDLORD-TENANT LAW IN NEW YORK, § 7:63 (2024-2025). Defects in a notice of termination generally cannot be cured by amendment. Chinatown Apartments, Inc. v. Chu Cho Lam, 51 NY2d 786 (1980). As well, failure to include sufficient details of the allegations in the notice of termination cannot be cured by submitting the details at some later point in the proceedings, for example, by way of a subsequent affidavit. Federal v. Ortiz, 139 Misc 2d 274 (Civ. Ct. Kings County 1988). Here, the petitioner properly served the 14-day notice pursuant to R.P.A.P.L. § 711(2) and R.P.A.P.L. § 735(1).
Under R.P.A.P.L. § 741(4), every petition must state the facts upon which the summary proceeding is based. Petitioner is required to annex the GCEL notice described in R.P.L. § 231-c to its petition and it must be appended to or incorporated into "any initial lease, renewal lease, notice required pursuant to [R.P.L. § 226-c (1)(a)], notice required pursuant to [R.P.A.P.L. §711(2)], or petition pursuant to [R.P.A.P.L. §741]." R.P.A.P.L. § 231-c; R.P.A.P.L. § 741(5)(a), (b). The R.P.L. § 231-c "notice must state whether the premises are subject to or exempt from the GCEL; if the premises are exempt, why they are exempt; and if the premises are subject to the GCEL, the statutory good cause ground for eviction." 3515 Eastchester Rd., LLC v. Soto, 2025 NY Slip Op. 25209 (2025). Here, the GCEL notice was annexed to the 14-day notice, but inaccurately informed Respondents that the City of Poughkeepsie had not adopted a GCEL when in fact it had. Following Respondents first appearance, a motion to dismiss was filed on these grounds.
1. Is the GCEL notice a predicate notice or just a notice that is attached to the predicate (14-day) notice?
Respondent, Yeralkis Gomez, argues that the GCEL notice required to be served pursuant to R.P.L. § 231-c and R.P.A.P.L. § 711(2) constitutes part of the predicate notice that cannot be amended, and that the defect requires dismissal. Petitioner argues that it is amendable. Some courts have taken the position that the GCEL notice is a predicate notice and cannot be amended. 3515 Eastchester Road, LLC v. Soto, 242 N.Y.S.3d 896 (Bronx 2025). Respondent, Yeralkis Gomez, relies upon other cases that pre-date the GCEL but this Court is not persuaded by these arguments.
This Court finds that the Good Cause Eviction Notice is part of the pleadings that may be amended. It is not part of an unamendable predicate notice. Indeed, the large majority of lower courts have also found that the GCEL notice is not an unamendable predicate notice, but instead have found that the GCEL notice is part of the pleadings that may be amended at any time by leave of court or by stipulation of all the parties, pursuant to C.P.L.R. § 3025(b). 815 W. 180th Grp., LLC v. Vargas, 2025 NY Misc. LEXIS 7983 (New York City 2025); Emerald Green Phase II LP v. Rivera, 2025 NYLJ LEXIS 1902(Kings County 2025)(motion to dismiss denied, GCEL may be amended as part of the pleadings); Emerald Lofts, LLC v. Echevarria, 2025 NYLJ LEXIS 1842 (Kings County 2025)(Court noted no prejudice to respondents in denying motion to dismiss and permitting GCEL to be amended as part of the pleadings); see, Shoreview Holdings, LLC v. Fernandez, 2025 NY Slip Op. 25277 (Queens County 2025)(holding that a petition that fails to comply with GCEL's pleading requirements can be amended).
2. If the GCEL Notice is defective, is it amendable, or is it effectively providing no notice?
This Court finds that the defective notice (that states that the GCEL was never adopted by the City of Poughkeepsie) still constitutes statutory notice. However, the matter is subject to dismissal only if Petitioners do not cure the defect. Again, the GCEL notice is amendable as part of the pleadings, just like failure to plead rent stabilization is amendable in a summary proceeding. Parco v. Fisch, 242 N.Y.S.3d 916 (Kings County 2025) citing Inga v. Revenco, 86 Misc 3d 1210(A) (Kings County 2025); Sin Hang Lau v. Yun He Zheng, 86 Misc 3d 859(Kings County 2025); Barretta v. Parilla, 85 Misc 3d 1222(A)(Queens County 2025). As such, if it is corrected and re-served—as Petitioner did here—the motion to dismiss may be denied. Barretta v. Parilla, supra (amendment to plead a ground under the GCEL was warranted in absence of prejudice or surprise). Here, Petitioner's counsel avers the GCEL notice was corrected and re-[*3]served upon the parties, and thus the defective notice was properly cured.
3. How does prejudice to the Respondents weigh in on a determination of a defective GCEL notice, if at all?
Respondents have moved out, were re-served with an accurate GCEL notice, and Respondents have not demonstrated that they have suffered any prejudice as a result of the defect in the originally defective GCEL notice, for it was amended and re-served. See, Sing Hang Lau v. Yun He Zheng, 86 Misc 3d 859, 864 (Kings County 2025). While Respondent, Yeralkis Gomez, argues this was not a mere "scrivener's error," but instead suggests that this was a "fundamental misstatement and omission" requiring dismissal [Dentinger affirmation, dated January 20, 2026, ¶ 27], this Court finds otherwise. Indeed, if this Court found there was sufficient evidence of an intentional misstatement and omission, the matter would be subject to dismissal. 
THEREFORE, based upon all the foregoing, it is now
ORDERED, that the Respondent's motion to dismiss the petition is DENIED; and it is further
ORDERED, that Petitioner's cross-motion for leave to amend the GCEL notice is GRANTED nunc pro tunc; and it is further
ORDERED, that Petitioner's cross-motion for leave to amend the petition to include rental arrears to include months not paid since the filing of the petition is GRANTED. 
SO ORDERED.
Dated: March 11, 2026Poughkeepsie, New YorkFRANK M. MORACITY COURT JUDGE